[697 NYS2d 27]

In the Matter of TERRY J. WOLFGANG (Admitted as TERRY JACQUELINE WOLFGANG), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 26,1999

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Terry J. Wolfgang, was admitted to the practice of law in the State of New York by the First Judicial Department on August 7, 1989 as Terry Jacqueline Wolfgang.

The Departmental Disciplinary Committee (the Committee) seeks an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the grounds that respondent was suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension. Respondent was suspended from the practice of law until further order of this Court, by its order and decision entered February 23, 1999.

By motion dated August 20, 1998, the Departmental Disciplinary Committee had sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, due to her willful failure to cooperate with the Committee in its investigation into four separate reports (received from October 1997 thru January 1998) from the Lawyer's Fund for Client Protection (22 NYCRR part 1300) regarding dishonored checks.

The Committee, after respondent's failure to respond to any of its notices, had obtained a subpoena duces tecum requiring her to appear at the Committee's office on April 2, 1998 and directing her to produce records for her Citibank special account from January 1, 1997 to the present. Despite the Committee contacting respondent by telephone and obtaining her permission to serve the subpoena by mail, respondent failed to appear.

On April 16, 1998, the Committee was able to depose respondent. Respondent did not provide all the subpoenaed documents, but agreed to do so within a week. She also agreed to provide closing documents relating to client funds she deposited into the account during the time under investigation. On May 7, 1998, respondent produced the promised records concerning the closing, but she failed to produce bank records and other financial records required, despite the Committee's subsequent letters to her warning that her continued failure to comply would result in a motion to suspend her.

Respondent opposed the motion, claiming that her delay in providing the requisite documents was due to her pending

divorce case, and seeking additional time to produce the requested documents before this Court considered suspending her.

This Court denied the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) with leave to renew in the event respondent failed to comply with subpoena duces tecum, dated April 2, 1998, within 30 days of entry of the Court's order.

By further motion dated December 10, 1998, the Committee again moved for an order immediately suspending respondent from the practice of law until further order of the Court. The Committee asserted that respondent had produced no additional financial records since she opposed the prior suspension motion, and therefore, she had not complied with the April 2, 1998 subpoena. The respondent also did not respond to this motion, which resulted in the February 23, 1999 interim suspension order.

Accordingly, inasmuch as respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has neither appeared nor applied in writing to the Committee or the Court for a hearing or reinstatement within six months from the date of the order of suspension, the Committee's motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) should be granted.

ELLERIN, P. J., SULLIVAN, WILLIAMS, WALLACH and SAXE, JJ., concur.

Motion granted, respondent disbarred as an attorney and counselor-at-law in the State of New York, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.